IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>KRISTEN E. KROL<br>Debtor | NO. 25-12989-amc<br><br>CHAPTER 13 |
| QNB BANK<br>Movant<br><br>-vs-<br><br>KRISTEN E. KROL<br>Respondent<br><br>and KENNETH E. WEST<br>Trustee | Hearing Date: October 27, 2026 at 11:00 a.m. |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Movant, QNB Bank (hereinafter "Bank") respectfully requests relief from the automatic stay and in support thereof avers as follows:

1. The Debtor in Bankruptcy No. 25-12989-amc, filed on or about July 28, 2025, is Kristen E. Krol ("Debtor").

2. Movant is QNB Bank, a secured creditor which holds a first and second position mortgage (collectively, the "Mortgages") on Debtor's real property located at 73 Blaine Avenue, Hatfield, Montgomery County, Pennsylvania (the "Property") as set forth more fully herein.

3. On or about April 10, 2017, Bank extended two promissory notes (collectively, the "Notes") to Debtor.

4. The first promissory note is in the original principal amount of $164,000 and is secured by a first position purchase money mortgage on the Property (the "$164,000 Note").

5. The second promissory note is in the original principal amount of $41,000 and is secured by a second position purchase money mortgage on the Property (the "$41,000 Note").

6. As of August 31, 2026, the total outstanding balances on Debtor's accounts due and owing to Bank for the Mortgages was as follows:

| | |
|---|---|
| $164,000 Note: | |
| Principal Balance | $136,392.99 |
| Accrued unpaid interest through August 31, 2026 (per diem thereafter - $15.22333) | $8,427.82 |
| Escrow Balance Deficiency | $8,864.17 |
| Late Charges | $635.84 |
| Satisfaction fee | $86.50 |
| SUBTOTAL | $154,407.32 |
| $41,000 Note: | |
| Principal Balance | $33,851.13 |
| Accrued unpaid interest through August 31, 2026 (per diem thereafter - $6.14218) | $9,330.34 |
| Late Charges | $390.00 |
| Satisfaction fee | $86.50 |
| SUBTOTAL | $43,657.97 |
| Attorney's Fees/Court Costs through August 31, 2026: | $ 16,953.65 |
| **GRAND TOTAL** | **$ 215,018.94** |

7. Debtor has failed to make the required post-petition monthly mortgage payments due to Bank, and her accounts are due and owing in the following amounts:

$164,000 Note and Mortgage

| | |
|---|---|
| June 1, 2026 | $1,115.00[1] |
| July 1, 2026 | $1,705.00 |
| August 1, 2026 | $1,705.00 |
| September 1, 2026 | $1,705.00 |
| **Total Post-Petition Delinquency** | **$6,230.00** |

$41,000 Note and Mortgage

| | |
|---|---|
| May 1, 2026 | $324.05 |
| June 1, 2026 | $324.05 |
| July 1, 2026 | $324.05 |
| August 1, 2026 | $324.05 |
| September 1, 2026 | $324.05 |
| Late fees | $80.00 |
| **Total Post-Petition Delinquency** | **$1,700.25** |

8. Debtor is in default of her post-petition payment obligations under the Notes and Mortgages as set forth above.

9. All payments are currently due to Bank from Debtor and payable at the following address:

QNB Bank Attn: Michelle Ziegler
320 W. Broad Street
P.O. Box 9005
Quakertown, PA 18951

[1] Includes regular monthly payment of $1,705.00 less suspense balance of $590.00

10. Pursuant to 11 U.S.C.A. §362 and §1301, Bank is entitled to relief from the automatic stay to foreclose its mortgage interest in Debtor's Property for any one or more of the following reasons:

(a) Cause, included but not limited to:

1) Debtor's continued default and failure to make post-petition monthly mortgage payments to Bank as required by Debtor's Chapter 13 Plan;

2) Lack of equity in the mortgage property;

3) Debtor's bankruptcy is not filed in good faith as evidenced by Debtor's failure to make post-petition monthly mortgage payments to Bank and Plan payment;

4) Bank has not received the indubitable equivalent of its rights under the contract with the Debtor; and

5) Lack of adequate protection including but not limited to:

A. Failure to make periodic payments;

B. Failure to offer additional or replacement collateral;

C. No equity cushion in the real property.

11. In the alternative, Bank requests Relief from the Automatic Stay pursuant to 11 U.S.C.A. §362(d) for the following reasons:

(a) Debtor does not have any equity in the property; and

(b) The property is not necessary for Debtor's effective reorganization.

12. For the reasons set forth herein, QNB Bank is entitled to Relief from the Automatic Stay so that it may proceed with mortgage foreclosure, sheriff's sale, and ejectment with regard to the Debtor's Property.

13. Bank further requests, upon entry of an Order granting relief from the stay, that it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 and 4001 in the instant bankruptcy case and that any such Order remaining in full force and effect in the event of a subsequent conversion of the Plan to another chapter.

WHEREFORE, QNB Bank respectfully requests this Honorable Court to grant its Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C.A. §362, to further Order that Bank may fully and finally exercise its contractual rights and rights under Pennsylvania law through the conclusion of the foreclosure action and Sheriff's Sale against Debtor's Property, and to order that Movant be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 and 4001 in the instant bankruptcy case and that any such Order remaining in full force and effect in the event of a subsequent conversion of the Plan to another chapter.

EXECUTED ON: October 1, 2026

GRIM, BIEHN & THATCHER

By: /s/ Kelly L. Eberle
Kelly L. Eberle, Esquire
Attorney for Movant, QNB Bank