IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>KRISTEN E. KROL<br>Debtor | NO. 25-12989-amc<br><br>CHAPTER 13 |
| QNB BANK<br>Movant<br><br>-vs-<br><br>KRISTEN E. KROL<br>Respondent<br><br>and KENNETH E. WEST<br>Trustee | . |

**STIPULATION AND ORDER**

It is hereby stipulated by and between Kristen E. Krol (the “Debtor”) and QNB Bank (the “Bank”) by and through their undersigned counsel, as follows:

**A. BACKGROUND:**

1. Debtor filed a Voluntary Petition in Bankruptcy under Chapter 13 on July 28, 2025.

2. Movant is QNB Bank, a secured creditor that holds a first and second position mortgage (collectively “Mortgages”) on Debtor’s real property located at 73 Blaine Avenue, Hatfield, Montgomery County, Pennsylvania (the “Property”) as set forth more fully herein.

3. On or about April 10, 2017, Bank extended two promissory notes (collectively “Notes”) to Debtor.

4. The first promissory note is in the original principal amount of $164,000 and is secured by a first position purchase money mortgage on the Property (the “$164,000 Note”).

5. The second promissory note is in the original principal amount of $41,000 and is secured by a second position purchase money mortgage on the Property (the "$41,000 Note").

6. The Debtor fell behind on her post-petition Mortgage payments on the above-referenced mortgages and is currently due for the months of in the following amounts ("Delinquent Post-Petition Arrears"):

| $164,000 Note and Mortgage | | $41,000 Note and Mortgage | |
|---|---|---|---|
| June 1, 2026 | $1,115.00[1] | May 1, 2026 | $324.05 |
| July 1, 2026 | $1,705.00 | June 1, 2026 | $324.05 |
| August 1, 2026 | $1,705.00 | July 1, 2026 | $324.05 |
| September 1, 2026 | $1,705.00 | August 1, 2026 | $324.05 |
| **Total** | **$6,230.00** | September 1, 2026 | $324.05 |
| | | Late fees | $80.00 |
| | | **Total** | **$1,700.25** |

7. The total amount of the Delinquent Post-Petition Arrears due and owing to Bank is $7,930.25 through September 30, 2026.

8. In addition to the Delinquent Post-Petition Arrears, Debtor's October 1, 2026 post-petition payments on each loan is due and owing.

9. Bank filed a Motion for Relief on October 1, 2026. The hearing on the Bank's Motion for Relief is scheduled for October 27, 2026.

5. The parties wish to settle this matter in the form of a stipulated agreement to be entered as an Order of the Court.

[1] Includes regular monthly payment of $1,705.00 less suspense balance of $590.00

**B. <u>AGREEMENT</u>:**

10. The Background set forth above is incorporated herein by reference.

11. On or before October 7, 2026, Debtor shall pay to Bank the total sum of $9,230.25 representing the Delinquent Post-Petition Arrears plus attorneys' fees and court costs in the amount of $1,300.00. Said payment shall be in the form of a cashier's check or other certified funds.

12. Debtor shall make her October 1, 2026 post-petition payments on or before October 15, 2026.

13. Debtor shall resume and maintain current timely post-petition payments to the Bank beginning with the November 1, 2026 payments and continuing on the first (1st) of every month thereafter until paid in full with such payments in the following amounts subject to change in accordance with the terms of the respective Note and Mortgage:

a. $164,000 Note and Mortgage –$1,705.00/month

b. $41,000 Note and Mortgage –$324.05/month

14. All payments shall be made directly to the following Bank representative:

QNB Bank
P.O. Box 9005
Quakertown, PA 18951-9005
ATTN: Michelle Ziegler
215-538-5600 x5620

15. Should Debtor default in any of the obligations as set forth in paragraphs 11 through 14 above, including failure to make a post-petition payment on or before the 1st of each month, Bank shall serve the Debtor and Debtor's counsel with a Five (5) Day Notice of Default. In the event the Debtor fails to cure the default within the notice period, Bank may proceed to

file with the Court a Certification of Default and request the entry of an Order modifying the automatic stay.

16. If two (2) or more default notices are sent during any twelve (12) month period, this shall be considered a default of this agreement and Bank may proceed to file a Certification of Default with the Court with no further notice to Debtor or her counsel.

17. In the event that an Order granting relief from the stay is entered as a result of a default under the terms of this Stipulation and Order, Bank requests that, and Debtor does not object to, Bank be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 and 4001 in the instant bankruptcy case and that any such Order remaining in full force and effect in the event of a subsequent conversion of the Plan to another chapter; however, if a stay is reinstituted or a cure were to be effectuated during the course of the bankruptcy at any time prior to a foreclosure sheriff's sale, Rule 3002.1 will apply.

18. The parties represent that they have had the opportunity to review the terms of this Stipulation and Order and authorize their undersigned counsel to enter into this Stipulation on their behalf and to be legally bound to all terms.

19. The parties agree that this Stipulation may be executed in counterparts and desire that the terms set forth herein be approved as an Order of this Court.

[Signature Page to Follow]

IN WITNESS WHEREFORE, the parties, by and through their counsel, hereunto set their hands and seals effective this 5th day of October 2026.

**CIBIK LAW, P.C.**

By: **/s/ Michael A. Cibik**
Attorney for Debtor, Kristin E. Krol

**GRIM, BIEHN & THATCHER**

By: /s/ Kelly L. Eberle
Attorney for Movant, QNB Bank

**TRUSTEE**

By: /s/ Jack K. Miller, Esquire for
Kenneth E. West

**SO ORDERED**:

Bankruptcy Judge

Dated: ______________________, 2026